John J. Lynch
Robert J. deBrauwere
Tom J. Ferber
PRYOR CASHMAN LLP
Attorneys for Defendants
7 Times Square
New York, New York  10036-6569

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ZAO KASPERSKY LAB,                          :

                            Plaintiff,       :         Case No. 09-cv-3167

              v.                             :         **ANSWER AND**
                                                       **COUNTERCLAIMS**
TALL LICENSING LIMITED,                      :
DEFENDER PRO US, 5381 PARTNERS,
LLC and STEVE GROSSMAN,                      :

                            Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants Tall Licensing Limited ("Tall"), 5381 Partners LLC ("5381") and Steve

Grossman ("Grossman), by and through their attorneys, Pryor Cashman LLP, as and for their

Answer to the Complaint herein, allege as follows:

        1.      Deny the allegations of paragraph 1 of the Complaint, except to deny knowledge

or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's

objectives in this action as alleged therein.

        2.      Deny knowledge or information sufficient to form a belief as to truth of the

allegations in paragraph 2 of the Complaint.

        3.      Deny the allegations of paragraph 3 of the Complaint, except to admit that Tall is

organized under the laws of the United Kingdom, with its principal place of business at 93A

Rivington Street, London, is engaged, *inter alia,* in the business of advertising, marketing and distributing computer software and it does business with 5381.

4.     Deny the allegations of paragraph 4 of the Complaint, except to allege that Defender Pro US is not the name of any legal entity and that it is merely a trade name and trademark of 5381.

5.     Deny the allegations of paragraph 5 of the Complaint, except to admit that 5381 is a limited liability company which is engaged, *inter alia*, in the business of advertising, marketing and distributing computer software and that it transacts business in the county of New York.

6.     Deny the allegations of paragraph 6 of the Complaint, except to admit that Grossman acts as the managing member of 5381.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except to deny that venue in this District is proper because the December 1, 2004 license agreement between Zao Kaspersky Lab and Tall (the "License Agreement") out of which this dispute arises, provided that it would be governed by and construed in accordance with English law and that disputes arising therefrom would be litigated in the English courts.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

2

958431

11.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except to allege that the "Product" as defined and referred to therein, and which is described as "the subject of controversy in this case," is vaguely and insufficiently defined.

12.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except to allege that the "Product" referred to therein is vaguely and insufficiently defined and that Defendants did not engage in infringing activity.

13.   Deny the allegations of paragraph 13 of the Complaint, except to allege that there is no copyright registration attached as Attachment 1 to Complaint and that Plaintiff has acknowledged that no such registration exists.

14.   Deny the allegations of paragraph 14 of the Complaint, except to admit that Grossman acts as the managing member of 5381.

15.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, except to admit that Plaintiff and Tall entered into the License Agreement and to respectfully refer the Court to a true and correct copy of such agreement and any amendments thereto for the terms and conditions thereof.

16.   Deny the allegations of paragraph 16 of the Complaint, except to respectfully refer the Court to a true and correct copy of the License Agreement for the terms and conditions thereof.

17.   Deny the allegations of paragraph 17 of the Complaint.

3

958431

18.    Deny the allegations of paragraph 18 of the Complaint, except to respectfully refer the Court to a true and correct copy of the License Agreement for the terms and conditions thereof.

19.    Deny the allegations of paragraph 19 of the Complaint, except to respectfully refer the Court to a true and correct copy of the License Agreement for the terms and conditions thereof.

20.    Deny the allegations of paragraph 20 of the Complaint.

21.    Deny the allegations of paragraph 21 of the Complaint, except to acknowledge that Plaintiff sent a letter dated June 26, 2008 to Tall and to respectfully refer the Court to a true and correct copy of such letter for the content thereof.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except to allege that it calls for a legal conclusion and to respectfully refer the Court to true copies of the License Agreement and the June 26, 2008 letter for the content and effect thereof.

23.    Deny the allegations of paragraph 23 of the Complaint, except to admit that counsel for Tall and 5381 sent a July 16, 2008 letter to counsel for Plaintiff, and to respectfully refer the Court to a true copy of the entire letter for the content thereof.

24.    Deny the allegations of paragraph 24 of the Complaint, except to respectfully refer the Court to a true copy of the complete July 16, 2008 letter for the content thereof.

25.    Deny the allegations of paragraph 25 of the Complaint, except to respectfully refer the Court to a true copy of the complete July 16, 2008 letter for the content thereof.

26.    Deny the allegations of paragraph 26 of the Complaint, except to respectfully refer the Court to a true copy of the complete July 16, 2008 letter for the content thereof.

4

958431

27.    Deny the allegations of paragraph 27 of the Complaint, except to respectfully refer the Court to a true copy of the complete July 16, 2008 letter for the content thereof.

28.    Deny the allegations of paragraph 28 of the Complaint, except to respectfully refer the Court to a true copy of the complete July 16, 2008 letter for the content thereof.

29.    Deny the allegations of paragraph 29 of the Complaint, except to allege that Plaintiff's products were rife with deficiencies.

30.    Deny the allegations of paragraph 30 of the Complaint, except to respectfully refer the Court to true and complete copies of the July 16, 2008 and October 23, 2008 letter referred to therein for the content thereof.

31.    Deny the allegations of paragraph 31 of the Complaint.

32.    Deny the allegations of paragraph 32 of the Complaint.

33.    Deny the allegations of paragraph 33 of the Complaint.

34.    Deny the allegations of paragraph 34 of the Complaint, except to admit that the License Agreement had been terminated as of August 1, 2008.

35.    Deny the allegations of paragraph 35 of the Complaint.

36.    In response to paragraph 36 of the Complaint, repeat and reallege their responses to paragraphs 1 through 35 as if fully set forth herein.

37.    Deny the allegations in paragraph 37 of the Complaint, except to admit that Plaintiff and Tall entered into the License Agreement dated December 1, 2004 and that there are two amendments dated June 1, 2005 and December 1, 2006, respectively.

38.    Deny the allegations of paragraph 38 of the Complaint.

39.    Deny the allegations of paragraph 39 of the Complaint.

40.    Deny the allegations of paragraph 40 of the Complaint.

5

958431

41.     Deny the allegations of paragraph 41 of the Complaint.

42.     In response to paragraph 42 of the Complaint, repeat and reallege their responses to paragraphs 1 through 41 as if fully set forth herein.

43.     Deny knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 43 of the Complaint, except to allege that the "Product" as referred to therein is vaguely and insufficiently defined.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, except to allege that Defendants had been advised by counsel for Plaintiff that there is no such existing registration.

45.     Deny the allegations of paragraph 45 of the Complaint.

46.     Deny the allegations of paragraph 46 of the Complaint.

47.     Deny the allegations of paragraph 47 of the Complaint.

48.     Deny the allegations of paragraph 48 of the Complaint.

49.     Deny the allegations of paragraph 49 of the Complaint.

50.     Deny the allegations of paragraph 50 of the Complaint.

51.     Deny the allegations of paragraph 51 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

52.     The Complaint, and each and every part thereof, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

53.     Venue in this district is improper because the License Agreement provided that it would be governed by and construed in accordance with English law and that disputes arising therefrom would be litigated in the English courts.

958431

## THIRD AFFIRMATIVE DEFENSE

54.     Plaintiff has materially breached the License Agreement, as a result of which Defendants are excused from further performance.

## FOURTH AFFIRMATIVE DEFENSE

55.     Upon information and belief, Plaintiff does not own the copyright or copyrights at issue herein.

## FIFTH AFFIRMATIVE DEFENSE

56.     Plaintiff's damage claims are subject to the limitation of liability set forth at paragraph 10 of the License Agreement.

## SIXTH AFFIRMATIVE DEFENSE

57.     Any damages allegedly suffered by Plaintiff would have been caused as a result of Plaintiff's own failure to address defects in its product.

## SEVENTH AFFIRMATIVE DEFENSE

58.     Plaintiff failed to mitigate any alleged damages.

## COUNTERCLAIMS

### Allegations Common to All Counterclaims

1.     On or about June 6, 2003, 5381 entered into a license agreement with ZAO Kaspersky Lab ("Kaspersky")(the "June 6, 2003 License Agreement").  The June 6, 2003 License Agreement preceded the December 1, 2004 License Agreement between Tall and Kaspersky that is the subject of Kaspersky's Complaint (the "2004 License Agreement").  The June 6, 2003 License Agreement involved the same subject matter and included substantially the same terms and conditions at the subsequent 2004 License Agreement, with 5381 designated as the Licensee of the licensed software.

7

958431

2.      Prior to December 2004, Kaspersky requested that its software be licensed to a UK international licensing agent, as opposed to 5381 directly, apparently for its own tax or other beneficial purposes.  Kaspersky understood and acknowledged that 5381 would be the third party beneficiary of any license agreement with a UK entity.

3.      To fulfill Kaspersky's request, the 2004 License Agreement was entered into, with Tall, a UK entity, replacing 5381 as the licensee.  The parties understood and intended, however, that 5381 would continue to incorporate the software into its products as it had done pursuant to the original June 6, 2003 License Agreement.

4.      In the 2004 License Agreement, Kaspersky agreed to provide defect-free software to 5381 for sale and distribution, in consideration of royalty payments.

5.      However, the software that Kaspersky provided to 5381 was defective and had significant technical problems.

6.      5381 informed Kaspersky of the software's defects and Kaspersky acknowledged that the problems required urgent attention.  Nevertheless, Kaspersky failed to adequately address the defects in the software.

7.      Thus, during the term of the 2004 License Agreement, 5381 was provided with defective software.

8.      As a result, 5381 was forced to expend significant amounts of money on technical support for the software.  5381 suffered significant damages to its customer relations and business reputation, as well as lost sales and profits.

**As and For a First Counterclaim by 5381
(Breach of Contract and Implied Warranty)**

9.      Counterclaimant repeats and realleges each of its allegations contained in Paragraphs 1 through 8, as if fully set forth herein.

8

958431

10.     5381 is an intended third party beneficiary of the valid contract between Tall and Kaspersky.  Pursuant to that contract, Kaspersky agreed to provide 5381 with properly working software.

11.     By failing to provide properly working software, and by failing to address the technical defects in the software, Kaspersky failed to perform its obligations.

12.     Kaspersky also breached its express and/or implied warranty by providing defective software to 5381.

13.     As a direct and proximate cause of Kaspersky's breaches, Counterclaimant has suffered damages in an amount to be determined at trial, but believed to exceed $800,000, plus interest, attorneys fees and costs.

### As and For a Second Counterclaim by 5381
### (Negligence)

14.     Counterclaimant repeats and realleges each of its allegations contained in Paragraphs 1 through 13, as if fully set forth herein.

15.     Kaspersky owed a duty to 5381, as a foreseeable and known distributor of its software, to act with care in providing properly working software free of defects.

16.     Kaspersky breached its duty of care to 5381 by providing 5381 with defective software for distribution.

17.     As a direct and proximate cause of Kaspersky's breach of its duty of care, Counterclaimant has suffered damages in an amount to be determined at trial, but believed to exceed $800,000, plus interest and costs.

WHEREFORE, Defendants and Counterclaimant demand judgment as follows:

(1)     On 5381's Counterclaim, for damages against Kaspersky in an amount to be determined at trial, but not less than $800,000, plus interest, attorneys fees and costs;

9

958431

(2)     That the Complaint be dismissed in its entirety with prejudice;

(3)     That Defendants be awarded the costs, disbursements and attorneys' fees that they

incur in this matter; and

(4)     Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        July 27, 2009

PRYOR CASHMAN LLP

By:_____
    John J. Lynch (JL 8196)
    Attorneys for Defendants
    7 Times Square
    New York, N.Y. 10036-6569
    (212) 326-0419

10

958431