Leo V. Goldstein-Gureff
INTERNATIONAL LEGAL COUNSELS PC
*Attorneys of Plaintiff*
901 N. Pitt Street, Suite 325
Alexandria, VA 22314
Tel.:  (703) 739-9111
Fax:  (202) 318-0723

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ZAO KASPERSKY LAB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-cv-3167-GEL |
| | ) | |
| v. | ) | **PLAINTIFF AND CROSS** |
| | ) | **DEFENDANT ZAO** |
| | ) | **KASPERSKY LAB'S** |
| | ) | **ANSWER TO** |
| TALL LICENSING LIMITED, | ) | **COUNTERCLAIMS** |
| DEFENDER PRO US, 5381 PARTNERS, | ) | |
| LLC and STEVE GROSSMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**COMES NOW** Plaintiff ZAO Kaspersky Lab (*"Kaspersky"*), through its

counsel, in answering the allegations of the Counterclaims on file herein, affirms, denies,

and alleges as follows:

1.  As to paragraph 1 of the Answer and Counterclaims filed by Defendants, Kaspersky

denies that Kaspersky and 5381 Partners, LLC entered into an agreement dated June 6,

2003.  Kaspersky admits that an agreement between Kaspersky Labs International Ltd.

and 5381 Partners LLC preceded in time an agreement dated December 1, 2004 between

Kaspersky and Tall Licensing Limited, to the extent supported by the referenced

agreements.  As to the third sentence of paragraph 1, Kaspersky admits the allegations

1

contained therein to the extent supported by the agreements themselves, which are the best evidence of the content, and otherwise denies the allegations contained in paragraph 1.

2.  The allegation in paragraph 2 that 5381 Partners, LLC would be a third party beneficiary of an agreement constitutes a conclusion of law to which no response is required.  As to the remainder of the allegations in paragraph 2, Kaspersky denies knowledge or information sufficient to form a belief as to the truth of the allegations.

3.  Kaspersky denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.  Kaspersky admits the allegations contained in paragraph 4 to the extent supported by the agreement itself, which is the best evidence of the content, and otherwise denies the allegations contained in paragraph 4.

5.  Kaspersky denies the allegations contained in Paragraph 5.

6.  Kaspersky denies the allegations contained in Paragraph 6.

7.  Kaspersky denies the allegations contained in Paragraph 7.

8.  Kaspersky denies that the actions referenced in paragraph 8, if true, were "a result" of Kaspersky's actions.  As to the remainder of allegations in paragraph 8,  Kaspersky lacks information or knowledge sufficient to respond to those allegations, and therefore denies those allegations.

9.  As to paragraph 9, Kaspersky repeats and reaffirms its responses to paragraphs 1-8 above.

10.  The first sentence of paragraph 10 constitutes a conclusion of law to which no response is required.  As to the second sentence of paragraph 10, Kaspersky admits the allegations contained in that sentence to the extent supported by the contract itself, which is the best evidence of the content, and otherwise denies the allegations contained that sentence

11.  Kaspersky denies the allegations contained in paragraph 11.

12.  Kaspersky denies the allegations contained in Paragraph 12.

13.  Kaspersky denies the allegations contained in Paragraph 13.

14.  As to paragraph 14, Kaspersky repeats and reaffirms its responses to paragraphs 1-13 above.

15.  Paragraph 15 constitutes a conclusion of law to which no response is required.

16.  Kaspersky denies the allegations contained in Paragraph 16.

17.  Kaspersky denies the allegations contained in Paragraph 17.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE
(Release of obligations)

18.  Kaspersky is informed and believes and on such information and belief alleges that Defendants breached their contract with the Kaspersky, and that by reason of said breach of contract, Kaspersky has been excused of its duties to perform all obligations set forth in said contract.

## SECOND AFFIRMATIVE DEFENSE
(Offset)

19. Kaspersky has suffered damages by reason of Defendants' conduct and it has the right of offset of any amounts of money deemed by this Court to be owed to Defendants or due to Defendants by way of damage.

## THIRD AFFIRMATIVE DEFENSE
(Waiver)

20. Kaspersky is informed and believes and on such information and belief alleges, that Defendants were engaged in conduct that constitutes a waiver of their rights under the contract alleged in the Answer and Counterclaims.

## FOURTH AFFIRMATIVE DEFENSE
(Release)

21.  Kaspersky alleges that Defendants' actions constituted a full release and waiver by Defendants of any and all claims which Defendants may have against Kaspersky.

## FIFTH AFFIRMATIVE DEFENSE
(In Pari Delicto)

22.  Kaspersky alleges that each and every purported Counterclaim in the Answer and Counterclaims is barred because Defendants have engaged in acts and courses of conduct which rendered them in pari delicto.

## SIXTH AFFIRMATIVE DEFENSE
(Condition Precedent)

23.  Kaspersky alleges that performance by Kaspersky of certain acts was contingent upon receipt of specific instructions from Defendants, thus Defendants' authority, direction and cooperation was a condition precedent to any alleged-obligation-by Kaspersky to perform such acts.

## SEVENTH AFFIRMATIVE DEFENSE
(Contributory Negligence)

24. Kaspersky is informed and believes and thereon alleges that the damages referred to in the Counterclaims by Defendants were proximately caused by Defendants and/or others affiliated in any manner with Defendants in that at all times relevant herein, Defendants failed to exercise for their own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if Kaspersky committed any wrongful act at all (which supposition is made for the purpose of their defense without admitting such to be a fact), the aforesaid conduct of Defendants and/or entities or persons associated in any manner with the Defendants contributed to Defendants' alleged damages.

## EIGTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

25. Kaspersky believes and thereon alleges that Defendants failed to mitigate and lessen any damages they sustained, as required by law, and are barred from recovery by reason thereof against Kaspersky.

Dated: August 17, 2009                              Respectfully submitted,

s/ Leo Goldstein-Gureff
Leo Goldstein-Gureff (LG1271)
International Legal Counsels PC
901 N. Pitt Street, Suite 325
Alexandria, VA  22314
(703) 739-9111

Counsel for Plaintiff
ZAO Kaspersky Lab