FREEMAN, M.S.

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZAO KASPERSKY LAB,

      Plaintiff,

      v.

TALL LICENSING LIMITED, DEFENDER
PRO US, 5381 PARTNERS, LLC, AND
STEVE GROSSMAN

      Defendants.

**Index No. 09 Civ. 3167 (DCF)**

**ECF CASE**

## STIPULATION AND PROTECTIVE ORDER
## GOVERNING DISCOVERY MATERIAL

      Plaintiff ZAO Kaspersky Lab ("Plaintiff") and Defendants Tall Licensing Limited,

Defender Pro US, 5381 Partners LLC, and Steve Grossman (collectively, "Defendants") agree to

the entry by the Court of this Order pursuant to Fed.R.Civ. P. Rule 26(c), which order shall

govern the use, dissemination, and disclosure of certain documents and materials described

herein and obtained by the parties hereto through discovery. Upon the joint stipulation and

request of all parties, good cause having been shown,

      IT IS ORDERED AS FOLLOWS:

      1.     This order shall govern the handling, use, and disclosure of "Discovery Material,"

which shall include documents (as that term is most broadly construed under Fed.R.Civ.P. Rules

26 and 34) and electronically stored information ("ESI"), depositions and deposition exhibits,

interrogatory answers, responses to requests for admissions, software, software packaging, and

other written, recorded, electronically stored, or graphic matter or information or tangible things,

including the contents of any of the foregoing, produced (whether pursuant to Court Order, the

Rules of this Court, subpoena, agreement, or otherwise) during these proceedings, subsequent to

the entry of this Order, by any party to these proceedings or any third party who agrees in writing to be bound by the terms hereof. "Discovery Material" includes each and every copy, compilation, abstract, summary, digest, and by-product of any of the foregoing created by any recipient thereof. Except as expressly provided in Paragraph 18 hereof, this Order does not apply to documents, ESI, information, materials, or tangible things produced in discovery prior to entry of this Order or lawfully obtained by the nondesignating party other than through discovery in this case.

      2.     Except with the prior written consent of the producing party, any Discovery Material that the producing party or entity designates as "Confidential" shall be treated as "Confidential Discovery Material" and shall not be disclosed to any person or used for any purpose, except as expressly authorized herein. A designation of "Confidential" shall be made by stamping (or affixing) "Confidential" along with the name of the entity asserting the confidentiality claim (*e.g.*, "Kaspersky Confidential") (a) on each page of the Discovery Material to be treated as Confidential or (b) in the case of ESI, on the medium (e.g. CD or DVD) containing the information. In addition, such designation may be made with respect to ESI by use of any electronic or other means reasonably calculated to provide notice that ESI is claimed to be Confidential by the producing party, provided such designation does not delete or alter any data or metadata in the original ESI. All original documents, if any, produced for inspection and copying shall be treated by the receiving party as "Confidential" prior to receipt of copies of the documents. Upon receipt of the copies, the designation, if any, on the copy shall be the operative designation.

2

3.      A party shall designate Discovery Material as "Confidential" pursuant to

Paragraph 2, above, only after a good faith evaluation and belief that such Discovery Material is,

in fact, entitled to such protection under law.

4.      Except with the prior written consent of the producing party, any Discovery

Material that the producing party or entity designates as "Attorneys' Eyes Only" shall not be

disclosed to any person or used for any purpose, except as expressly authorized herein. A

designation of "Attorneys' Eyes Only" shall be made by stamping (or affixing) "Attorneys' Eyes

Only" along with the name of the entity asserting the confidentiality claim (e.g., "Kaspersky

Attorneys' Eyes Only") (a) on each page of the Discovery Material to be treated as Attorneys'

Eyes Only, or (b) in the case of ESI, on the medium (e.g. CD or DVD) containing the

information. In addition, such designation may be made with respect to ESI by use of any

electronic or other means reasonably calculated to provide notice that ESI is claimed to be

Attorneys' Eyes Only by the producing party, provided such designation does not delete or alter

any data or metadata in the original ESI. A party may designate Discovery Material as

Attorneys' Eyes Only only where it in good faith believes that (i) such Discovery Material is, in

fact, entitled to such protection under law; and (ii) the disclosure of such Discovery Material is

likely to substantially impair the ability of the producing party and/or its affiliates to conduct

business in a competitive fashion. "Attorneys' Eyes Only" information shall be limited to highly

confidential or highly sensitive commercial or financial information such as , profitability reports

or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, sales

margins, business plans, product development information, marketing plans, or any other

category of material or information hereafter given Attorneys' Eyes Only protection by the

Court. Nothing in these definitions is intended to establish that any particular category or type of

3

Discovery Material (e.g., financial information or business plans) is or is not in fact entitled to the protections afforded pursuant to this Order for Attorneys' Eyes Only material.

     5.     In the case of deposition testimony that contains information claimed to be entitled to protection as Confidential or Attorneys' Eyes Only Discovery Material hereunder, counsel for the party asserting such protection shall state on the record that the deposition or specified portion thereof involves information that is claimed to be entitled to protection by this Protective Order as Confidential or Attorneys' Eyes Only. Counsel shall have the right to exclude from the deposition any person who is not authorized by this Protective Order to receive the Discovery Material at issue, but such right of exclusion shall apply only during periods of examination or testimony constituting, involving, or relating to such Discovery Material. Upon preparation of the transcript of the deposition, the court reporter shall segregate testimony transcribed and designated as Confidential or Attorneys' Eyes Only into separate transcripts temporarily designated as Confidential or Attorneys' Eyes Only, respectively. The designating party shall thereafter, within five (5) business days after receipt of the full transcript (with the pages containing the Confidential and/or Attorneys' Eyes Only Discovery Material excluded) and the segregated transcript(s), ratify or amend, in writing, the oral designation of Confidential and/or Attorneys' Eyes Only Discovery Material, including designating any additional testimony as "Confidential" or "Attorneys' Eyes Only" to the extent the designating party believes in good faith that such testimony warrants either of such designations. In so doing, the designating party will only designate as Confidential or Attorneys' Eyes Only those pages or parts of pages of the transcript, and any exhibits thereto, that actually contain information claimed to be entitled to either of such designations. After the passage of the five-business-day period described herein, any portion of the transcript and exhibits not so designated or redesignated in writing as

4

containing Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall cease to be so designated and so protected.

6.   Under no circumstances, other than those specifically provided for in this or subsequent Court orders, shall Discovery Material designated as "Confidential" or its contents in any way whatsoever be revealed, disclosed, or otherwise made known to persons other than the following:

a.   outside counsel representing the named parties in this action, including their legal and clerical assistants;

b.   Defendant Grossman and officers and employees of the Plaintiff and Defendants Tall Licensing Limited, 5381 Partners, LLC, and Defender Pro US;

c.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy

d.   any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Confidentiality Agreement in the form annexed as Exhibit A hereto;

e.   persons specially retained with respect to this litigation by counsel for any named party as independent experts or consultants, subject to the provisions of paragraph 7;

f.   the Court, court reporters, and its and their support personnel; and

g.   subject to paragraph 7, other persons, as agreed to in writing or on the record by all parties.

7.   Prior to disclosure of Confidential Discovery Material to any party, witness, expert, consultant, or other person pursuant to paragraphs 6(b), 6(d), 6(e), 6(f), or 6(g), counsel for the party seeking to make such disclosure shall inform each such party, witness, expert,

consultant or person that the material is Confidential Discovery Material and may not be disclosed or used except as provided in this Protective Order. Furthermore, prior to disclosure of any Confidential Discovery Material to an expert, consultant, or person pursuant to paragraph 6(e) or 6(g) hereof, the expert, consultant, or person shall first:

      a.    read this Order; and

      b.    sign a copy of the Confidentiality Agreement attached hereto as Exhibit A and thereby become subject to this Order. A copy of the signed Confidentiality Agreement is to be retained by counsel for the party making disclosure to the expert or consultant, and a copy is to be provided upon request, either to counsel for any other party, or, as to an expert or consultant whose identity is confidential, to the Court under seal. For the purposes of this Order, an expert or consultant shall be deemed independent only if counsel for the party seeking to disclose Confidential Discovery Material shall first establish through written certification that the expert or consultant has not, in the two (2) years preceding the filing of this action, been engaged by, employed by, or affiliated with the party seeking to disclose the Confidential Discovery Material.

      8.    Under no circumstances, other than those specifically provided for in this or subsequent Court orders, shall Discovery Material designated as "Attorneys' Eyes Only" or its contents in any way whatsoever be revealed, disclosed, or otherwise made known to persons other than the following:

      a.    outside counsel representing the named parties in this action, including partners, associates, and legal and clerical assistants;

      b.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

6

       c.      persons specially retained with respect to this litigation by counsel for any named party as independent experts or consultants, subject to the provisions of paragraph 9;

       d.      the Court, court reporters, and its and their support personnel; and

       e.      subject to paragraph 9, other persons, as agreed to in writing or on the record by all parties.

       9.      Prior to disclosure of Attorneys' Eyes Only Discovery Material to any expert, consultant, or person , counsel for the party seeking to make such disclosure shall inform such expert, consultant, or person that such material may not be disclosed or used except as provided in this Protective Order.  Furthermore, prior to any such disclosure, the expert, consultant, or person shall first:

       a.  read this Order; and

       b.  sign a copy of the Confidentiality Agreement attached hereto as Exhibit A and thereby become subject to this Order.  A copy of the signed Confidentiality Agreement is to be retained by counsel for the party making disclosure to the expert or consultant, and a copy is to be provided upon request, either to counsel for any other party, or, as to an expert or consultant whose identity is confidential, to the Court under seal.  For the purposes of this Order, an expert or consultant shall be deemed independent only if counsel for the party seeking to disclose Attorneys' Eyes Only Discovery Material shall first establish through written certification that the expert or consultant has not, in the two (2) years preceding the filing of this action, been engaged by, employed by, or affiliated with the party seeking to disclose the Attorney's Eyes Only Discovery Material.

       10.     In the event that counsel for any party files with the Court any Confidential or Attorneys' Eyes Only Discovery Material or any papers containing or making reference to any

such material, such material and papers shall be filed only under seal. If either party in good faith objects to the material being filed under seal, the objecting party shall, within five (5) business days following the filing, send a letter stating the objection and the basis for it to the party asserting the designation. Upon receipt of the letter, the party asserting the designation shall either remove the designation or shall file a motion with the Court requesting that the material remain under seal despite the objection. After affording opposing counsel time to respond, the Court will determine whether the material in issue will remain under seal and continue to be protected as Confidential or Attorneys' Eyes Only Discovery Material, provided however, that at all times pending the Court's decision, the material filed under seal shall remain under seal and be afforded full protection as Confidential or Attorneys' Eyes Only Discovery Material.

11.     Notwithstanding anything to the contrary in paragraph 10 hereof, any party may at any time make a motion to the Court to remove from protection as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material any material so designated by another party pursuant to this Order. The opposing party shall have an opportunity to respond to any such motion. The party asserting entitlement to protection shall have the burden of establishing that the material is entitled to the protection as Confidential or Attorneys' Eyes Only Discovery Material. Pending the Court's decision on such motion, the document or thing at issue shall continue to be afforded full protection as Confidential or Attorneys' Eyes Only Discovery Material as designated.

12.     The inadvertent failure of a party to designate Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as Confidential or

8

Attorneys' Eyes Only Discovery Material. Good faith disclosure of such material by any receiving party prior to such later designation, however, shall not be deemed a violation of the provisions of this Order.

13. If another entity, person, court or an administrative agency subpoenas or requests production of Confidential or Attorneys' Eyes Only Discovery Material that a party has obtained in discovery in this action, the party that has received the subpoena or request shall promptly notify the party that designated the Discovery Material as Confidential or Attorneys' Eyes Only of the pendency of such subpoena or request within not more than five (5) business days after receiving the subpoena or request or not less than ten (10) business days before the date of production set forth in the subpoena or request, whichever comes first. The party receiving the subpoena or request shall cooperate with the producing party and take reasonable measures to protect, or enable the producing party to protect, the interests of the producing party, including, if necessary, objecting to the subpoena or request on the basis of this Order and taking reasonable steps necessary to withhold production while the producing party promptly takes whatever action it deems necessary to resist the subpoena or request. Nothing in the foregoing, however, shall require the party receiving the subpoena or request to risk imposition of sanctions or entry of an order of contempt with respect to the subpoena or request.

14. After the termination of this litigation, this Protective Order shall continue to be binding upon the parties hereto (including any nonparties who have agreed to be bound hereby) and upon all persons to whom Confidential Discovery Material or Attorneys' Eyes Only Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions.

15.    Within 30 calendar days after the conclusion of this litigation, including all appeals or the opportunity to appeal, all Confidential Discovery Material and     Attorneys' Eyes Only Discovery Material (including, without limitation, copies provided to parties, experts or consultants) shall be returned to the producing party or, in the alternative, destroyed, with an affidavit of destruction being provided to the producing party, except that outside counsel for each party may retain one complete set of documents filed with the Court in this action and all outside counsel shall be permitted to retain, subject to an ongoing duty to protect, copies of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material to the extent such material is part of counsel's work product.

16.    Nothing in this Protective Order shall prevent any party or other person subject to it from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper or as to which it believes this Protective Order provides insufficient protection. The use of the terms "Confidential" or "Attorneys' Eyes Only" herein or by virtue of documents being designated as such pursuant to this Protective Order shall not raise any inference as to propriety of such designation or the legal status of such information, or constitute a finding or admission that such documents are, in fact, confidential and/or proprietary in nature or entitled to protection hereunder. Nothing in this Protective Order or the parties' agreement to it shall be deemed or construed as an adjudication or waiver of any discovery objection or contention. In addition, disclosure of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material pursuant to discovery or the procedures set forth in this Order does not constitute a waiver of any trade secret, intellectual property, proprietary right, or other right or claim to, in, or with respect to such material.

10

17. This Protective Order shall not apply to a disclosure by a party or its counsel of that party's own Confidential or Attorneys' Eyes Only Discovery Material.

18. Notwithstanding anything to the contrary in this Protective Order, the following discovery material shall be designated as Confidential and be subject to the provisions of this Protective Order:

      a.    Copies of defendants' software previously produced by the Defendants; and

      b.    Excel file entitled "defenderpro.xls" (the "Excel File") previously produced by the Defendants in native format, provided however, that any portion of the Excel File that has been redacted to remove Defendants' customers' names and personal contact information shall not be considered Confidential and shall not be subject to this Protective Order.

SO STIPULATED:

ARENT FOX LLP

By: _____
    Marylee Jenkins (MJ-6698)
    Ralph A. Taylor, Jr. (*pro hac vice*)
    Mark A. Angelov (MA-5291)
    1675 Broadway
    New York, NY 10019
    Tel: (212) 484-3900

    Leo Goldstein-Gureff (LG 1271)
    Kevin Garden (*pro hac vice*)
    INTERNATIONAL LEGAL
    COUNSELS, PC
    941 N. Pitt Street, Suite 325
    Alexandria, VA 22314
    Tel: (703) 739-9111

    *Attorneys for Plaintiff*

PRYOR CASHMAN LLP

By: _____
    John Y. Lynch (JL-8196)
    Robert J. deBrauwere (RD-9190)
    7 Times Square
    New York, NY 10036-6569
    Tel: (212) 421-4100

    *Attorneys for Defendants*

SO ORDERED:    DATE: 8/14/10

........................

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

11.

SO ORDERED, this ____ day of August, 2010.

_____
Debra Freeman
United States Magistrate Judge

(see prior page)

12

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAO KASPERSKY LAB,

          Plaintiff,

      v.

TALL LICENSING LIMITED, DEFENDER
PRO US, 5381 PARTNERS, LLC, AND
STEVE GROSSMAN

          Defendants.

**Index No. 09 Civ. 3167 (DCF)**

**ECF CASE**

### CONFIDENTIALITY AGREEMENT

        I acknowledge that I have read and that I understand the Stipulation and Protective Order

Governing Confidential Material and Confidential – Attorneys' Eyes Only Discovery Material

entered in this action and hereby agree to abide by its terms and conditions.  I also understand

that any violation of such order by me or anyone acting under my direction may subject me to

penalties for contempt of Court or to other remedies or sanctions.

Dated: _____

_____

Signature

_____

Printed name

_____

_____

Address

14